```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: OCT 2 3 2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE REGULATORY FUNDAMENTALS  :
GROUP LLC,                   :
                             :
                 Plaintiff,  :    13 Civ. 2493 (KBF)
                             :
         -v-                 :    MEMORANDUM
                             :    OPINION & ORDER
GOVERNANCE RISK MANAGEMENT   :
COMPLIANCE, LLC d/b/a MANHATTAN :
ADVISERS, et al.,            :
                             :
                 Defendants. :
------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

On April 15, 2013, Plaintiff The Regulatory Fundamentals Group LLC ("Plaintiff" or "RFG") filed this action against Defendants Governance Risk Management Compliance, LLC d/b/a Manhattan Advisers ("GRMC"), Manhattan Advisers, LLC ("MA"), Greg V. Wood ("Wood"), and John Does 1-10 (collectively, "Defendants"), alleging copyright infringement in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501. On July 12, 2013, Plaintiff filed an Amended Complaint, and on August 12, 2013, Defendants filed a Motion to Dismiss.

For the reasons discussed below, the Court hereby DENIES Defendants' Motion to Dismiss.

BACKGROUND

RFG provides "consulting service and business solutions to investment funds, advisors, investors, and their service providers." (Amend. Compl. ¶ 1, dated July

1

12, 2013, ECF 21.) RFG delivers content in three ways: (1) a database of original articles (called the "RFG Pathfinder"); (2) a blog on which it posts original material; and (3) email communications (the "RFG Watch service," the "RFG Deep Dives," and the "RFG Weekly Roundup"). (Id. ¶¶ 14-16.)

On October 30, 2012, RFG entered into a Services Agreement ("the Services Agreement") with GRMC.[1] (Id. ¶ 23.) Pursuant to the Services Agreement, GRMC would obtain customers to whom RFG would provides access to RFG Pathfinder and RFG Watch (collectively, "the Services") through a "white-label website created by RFG" ("the Site"). (Id. ¶ 24.)[2] The idea was that customers would sign up through GRMC – via the Site – to access the Services. (Id. ¶ 26.) Plaintiff argues that the Services Agreement "is completely clear that the Site would be created by RFG and controlled by RFG." (Id. ¶ 29.)

Plaintiff contends that on or about March 15, 2013, it learned that Defendants "had misappropriated, copied, distributed, created derivative works of, and publicly displayed on MA's website, www.manhattanadvisers.com, RFG's [works] without RFG's license, permission, or authorization." (Id. ¶ 41.)

---

[1] Defendant Wood allegedly entered into the Agreement on behalf of GRMC. (See Amend. Compl. ¶ 2.)
[2] RFG allegedly also provided the services via email to Defendant Wood. (See Amend. Compl. ¶ 25.)

2

In its Complaint, RFG lists six allegedly infringed upon original works for which it has copyright registrations; it also includes a number of other original works for which its copyright registration is pending.[3] (Id. ¶¶ 20-21.)

## PROCEDURAL HISTORY

On April 15, 2013, Plaintiff filed the Complaint in this action. On June 7, 2013, Defendants filed a Motion to Dismiss. On June 19, 2013, the undersigned held a status conference in this matter, providing Plaintiff with an opportunity to amend its Complaint to add a breach of contract claim. On July 12, 2013, Plaintiff filed an Amended Complaint where it added additional copyrighted works to its claim but did not raise a breach of contract claim. On August 12, 2013, Defendant filed the Motion to Dismiss that is the subject of this Memorandum Opinion & Order; the Motion to Dismiss became fully briefed on October 7, 2013.

## DISCUSSION

### I. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must provide the grounds upon which [its] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, the complaint must allege "enough facts to state a

---

[3] These additional works for which copyright registration is pending were added by Plaintiff when it amended its Complaint.

3

claim to relief that is plausible on its face." Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (quoting Twombly, 550 U.S. at 570); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (same). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In applying that standard, the court accepts as true all well-plead factual allegations, but does not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." Id. If the court can infer no more than "the mere possibility of misconduct" from the factual averments, dismissal is appropriate. Starr, 592 F.3d at 321 (quoting Iqbal, 556 U.S. at 679).

On a motion to dismiss, a court may properly consider documents attached to or referenced in a complaint. See Time Warner, Inc. v. Chambers, 282 F.3d 147, 153 (2d Cir. 2002) (explaining that "'where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint[,] the necessity of translating a Rule 12(b)(6) motion into under Rule 56 is largely dissipated'" (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991)); DiFolco v. MSNBC Cable LLC, 622 F.3d 104, 111 (2d Cir. 2010). In this case, the Services Agreement is referenced in and integral to the Amended Complaint.

II. Analysis

Defendants' primary contention is that Plaintiff has failed to state a claim for copyright infringement because Plaintiff's claims sound in contract law.

4

A review of the case law indicates that there is support for the proposition that, under certain circumstances, there is a cause of action under copyright law where a party has allegedly exceeded a license agreement so as to infringe upon a licensor's copyrighted works. See Tasini v. New York Times Co., 206 F.3d 161, 170 (2d Cir. 2000), aff'd on other grounds, 533 U.S. 483 (2000); see also Harris v. Simon & Schuster, Inc., 646 F. Supp. 2d 622, 631 (S.D.N.Y. 2009); Amy Axelrod, Inc. v. Simon & Schuster, Inc., No. 07 Civ. 891, 2007 WL 2412257 (S.D.N.Y. Aug. 27, 2007) (citing cases). The Court notes that case law exists on the other side of the issue, as well. See, e.g., TufAmerica, Inc. v. The Orchard Enters., Inc., No. 11 Civ. 1816, 2011 WL 4946663, at *3 (S.D.N.Y. Oct. 14, 2011).

Accordingly, based on the materials before the Court and the allegations included in the Complaint, the Court hereby DENIES Defendants' Motion to Dismiss. However, it appears that a prompt Motion for Summary Judgment by Defendants will either dispose of this case entirely or at least will significantly narrow it. (The Service Agreement on its face appears to address many issues.)

The Court therefore directs the parties (in particular, Defendants) to make a Motion for Summary Judgment within **30 days** of the date of this Order. A response shall be submitted **14 days** thereafter. A reply, if any, shall be submitted **7 days** after the filing of the response.

Should it become evident that discovery is required, such discovery shall be narrow and targeted so as to apply only to the issues relevant to summary

5

judgment. No discovery shall proceed unless the parties confer and deem it necessary to briefing on summary judgment.

## CONCLUSION

For the reasons discussed herein, Defendants' Motion to Dismiss is hereby DENIED.

The Clerk of Court is directed to close the open motion at Docket No. 27.

SO ORDERED.

Dated:  New York, New York
        October 23, 2013

                                    _____
                                    KATHERINE B. FORREST
                                    United States District Judge