```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 24 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE REGULATORY FUNDAMENTALS        :
GROUP LLC,                                           :
                                                                  :
                      Plaintiff,                          :
                                                                  :
            -v-                                                :       13 Civ. 2493 (KBF)
                                                                  :
GOVERNANCE RISK MANAGEMENT   :       OPINION & ORDER
COMPLIANCE, LLC d/b/a MANHATTAN :
ADVISERS, et al.,                                 :
                                                                  :
                      Defendants.                    :
------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

On June 25, 2014, the Court ruled from the bench that defendant Gregory V. Wood had engaged in willful and malicious spoliation by destroying a large number of documents that were highly relevant to this copyright infringement action. (6/25 Tr.[1] 64.) On August 5, 2014, the Court outlined its rationale for awarding plaintiff's motion for sanctions, and further ordered plaintiff to provide a submission detailing attorneys' fees and expenses incurred in litigating the action. (ECF No. 146).

The plaintiff timely filed its submission along with contemporaneous billing records on August 22, 2014. (ECF No. 148). Plaintiff asks for $378,357.94 in fees and expenses, broken down as $308,296.26 in fees and $6,576.32 in expenses for work done by Spears & Imes LLP, and $60,454.00 in fees and $3,031.36 in expenses

---

[1] Citations to "6/25 Tr." refer to the transcript of June 25, 2014.

for work done by Fross Zelnick Lehrman & Zissu, P.C. ("Fross Zelnick") (Declaration of David Spears, ECF No. 148 ¶¶ 11-13 ("Spears Decl.").)

On September 2, 2014, the Court Ordered defendant to provide a response to plaintiff's submission not later than September 11, 2014. (ECF No. 149.) Defendant failed to do so. The Court thus treats plaintiff's submission regarding attorneys' fees and expenses as unopposed.

For the reasons stated below, the Court grants The Regulatory Fundamentals Group LLC fees and expenses in the amount of $366,099.81.

I.   LEGAL STANDARD

A district court has "considerable discretion" in determining what constitutes a reasonable fee award. Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2008). A reasonable fee award should be based on a "reasonable hourly rate," which is "the rate a paying client would be willing to pay," as determined based on a holistic assessment of all of the circumstances at issue in the case. Id. at 190. The "presumptively reasonable fee" is the "product of a reasonable hourly rate and the reasonable number of hours required by the case," and is known as the "lodestar." Millea v. Metro-N. R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011). The court may adjust the lodestar upward or downward based on its assessment of the specific circumstances at issue in the case. LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 764 (2d Cir. 1998).

A reasonable hourly rate is one in line with rates "prevailing . . . in the community for similar services by lawyers of reasonably comparable skill expertise

and reputation." McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006) (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). The relevant community is "the district in which the reviewing court sits." In re Agent Orange Prod. Liab. Litig., 818 F.2d 226, 232 (2d Cir. 1987). In determining the reasonable hourly rate, the court may rely on its knowledge of hourly rates at private firms. See Miele v. N.Y. State Teamster Conf. Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987).

In recent years, New York district courts have approved rates for experienced law firm partners in the range of $500 to $800 per hour. E.g., Malletier v. Artex Creative Int'l Corp., 687 F. Supp. 2d 347, 360 (S.D.N.Y. 2009) ($540 for partner with 24 years of experience); Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs. Ltd. Liab. Co., 665 F. Supp. 2d 434, 437 (S.D.N.Y. 2009) ($735 for partner); Sub–Zero, Inc. v. Sub Zero N.Y. Refrigeration & Appliances Servs., Inc., No. 13-CV-2548, 2014 WL 1303434, at *8-9 (S.D.N.Y. Apr. 1, 2014) ($485 for partner with 16 years of experience). New York district courts have also recently approved rates for law firm associates in the range of $200 to $450 per hour. Malletier, 687 F. Supp. 2d at 361-62 (noting that associate rates of $390 to $470 "fall at the very top of the spectrum of reasonable hourly rates for associates," and approving associate rates ranging from $200 to $390.10 as reasonable).

An applicant for an award of attorney's fees generally must submit "contemporaneous time records" that "specify, for each attorney, the date, the hours expended, and the nature of the work done." N.Y. State Ass'n for Retarded

3

Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). District courts have "some limited discretion to make exceptions to the hard-and-fast rule." Scott v. City of New York, 626 F.3d 130, 133 (2d Cir. 2010). When a court makes such an exception, "it should not award the full amount requested." F. H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987).

An award of attorney's fees for preparing and litigating the fee application itself is inappropriate if the applicant spends an "inordinate amount of time" preparing the fee application due to "their failure to keep better records." Carey, 711 F.2d at 1148.

Expenses incurred in the course of litigation should also be itemized so that the reviewing court can determine whether each cost was in fact necessary to the success of the litigation. See U.S. for Use & Benefit of Evergreen Pipeline Const. Co., Inc. v. Merritt Meridian Const. Corp., 95 F.3d 153, 173 (2d Cir. 1996) (refusing to grant the request for photocopying costs because the requesting party had not itemized the cost).

II.  DISCUSSION

   A. Billing Rate

The plaintiff was represented by two law firms to prosecute its copyright action: Spears & Imes, and Fross Zelnick, which specializes in intellectual property law. (Spears Decl. ¶ 3.)

Plaintiff did not provide the Court with information on the qualifications of its personnel. Its submission, however, provides details on the rates charged.

Spears & Imes billed work on this matter at its prevailing rates, less a 15% courtesy discount.[2] (Spears Decl. ¶ 11.) David Spears, a partner, billed at an hourly rate of $815. (Spears Decl. Ex. 1.) Justin Deabler, of counsel, billed at an hourly rate of $525. (Id.) Benjamin T. Alden, an associate, billed at an hourly rate of $350. (Id.) Richard Benjamin, an associate, billed at an hourly rate of $325. (Id.) Paralegals Erin McConnell, Ned Cunningham, Jackson Dartez, Matthew Schoenfeld, and Diane Konz all billed at an hourly rate of $195. (Id.) Each of these rates is then reduced with a 15% discount.[3]

Fross Zelnick billed its work at its prevailing rates.[4] (Spears Decl. ¶ 12.) Roger Zissu, a partner, billed at an hourly rate of $675. (Spears Decl. Ex. 2.) David Donahue, a partner, billed at an hourly rate of $525 in 2013 and $545 in 2014. (Id.) Jennifer Insley-Pruitt, an associate, billed at an hourly rate of $345 in 2013 and $390 in 2014. (Id.) Mario Ortiz, a paralegal, billed at an hourly rate of $255. (Id.) Yuoseph Karzoan, a paralegal, billed at an hourly rate of $225 in 2013 and $235 in 2014. (Id.)

The Court finds no reason to question the reasonableness of the attorneys' billing rates. The rates are in line with current market rates for attorneys with

---

[2] The Court has thoroughly reviewed the billing records submitted by plaintiff. From March 2013 to July 2014, Spears & Imes worked a total of 1031.65 hours. Multiplying each individual's billing rate with his or her respective hours worked totals $363,140.25. Spears & Imes requests fees totaling $308,296.26. (Spears Decl. ¶ 11.) Although the firm states that it discounted its rates by 15%, its requested total in fact reflects a discount of a fraction more than 15%.

[3] The Court accordingly calculates each attorney's rate as follows: David Spears at $692.75, Justin Deabler at $446.25, Benjamin T. Alden at $297.50, Richard Benjamin at $276.25. The paralegals' rates are discussed below.

[4] Fross Zelnick Lehrman & Zissu, P.C. does not explicitly break out its hourly rates; however, the Court has gleaned these rates from dividing each individual's charges by their hours worked.

similar titles at New York law firms, and rates that have been approved by courts in this district, as outlined above. The $815 billing rate of David Spears falls in the high end of what this district has approved; however, the 15% discount leaves the billing rate of the founding law firm partner under $700 and squarely in the range of what New York district courts have approved for experienced law firm partners.

The billing rates for the paralegals, however, are too far outside the range of rates approved in this district. See, e.g., Themis Capital v. Democratic Republic of Congo, No. 09 Civ. 1652(PAE), 2014 WL 4379100, at *8 (S.D.N.Y. Sept. 4, 2014) (reducing paralegal hourly billing rates of up to $340 down to $125, as "the caselaw reflects that paralegal billing rates of between $90 and $125 are more in line with the prevailing market rates in this District"); Union Cent. Life Ins. Co. v. Berger, No. 10 Civ. 8408(PGG), 2013 WL 6571079, at *5 (S.D.N.Y. Dec. 13, 2013) (reducing paralegal hourly billing rates between $185 and $225 down to $125); Lucerne Textiles, Inc. v. H .C.T. Textiles Co., Ltd., No. 12 Civ. 5456(KMW)(AJP), 2013 WL 174226, at *6 (S.D.N.Y. Jan. 17, 2013) (reducing paralegal hourly billing rates of $265 down to $140); Sidley Holding Corp. v. Ruderman, No. 08 Civ. 2513(WHP)(MHD), 2009 WL 6047187, at *25–26 (S.D.N.Y. Dec. 30, 2009) (reducing paralegal hourly billing rates of $195 down to $125). As plaintiff has failed to provide any information regarding the paralegals' expertise or experience to justify rates ranging from $195 to $255, the Court has reduced the hourly billing rate for all paralegals in this action to $125.

B. Hours

The billing records submitted by plaintiff are arranged in chronological order. (Spears Decl. Exs. 1 and 2.) Although these records include a breakdown of attorney hours and rates for each billing cycle, they do not include a summary totaled across all billing periods. The Court, therefore, reviewed the submissions and found the following:

Spears & Imes billed a total of 1,031.65 hours. Of those hours, Benjamin T. Alden accounted for 502.5, Erin McConnell accounted for 187.2, David Spears accounted for 113, Richard Benjamin accounted for 105.95, Ned Cunningham accounted for 98.25, Jackson Dartez accounted for 13.25, Matthew Schoenfeld accounted for 9.5, Diane Konz accounted for 1.25, and Justin Deabler accounted for 0.75.

Fross Zelnick billed a total of 129.2 hours.[5] Of those hours, David Donahue accounted for 85.2 hours, Jennifer Insley-Pruitt accounted for 40.1, Yuoseph Karzoan accounted for 3.3, Roger Zissu accounted for 0.3, and Mario Ortiz accounted for 0.3.

These hours reflect work done on a variety of litigation matters, including, but not limited to: sending a cease and desist letter, filing an amended complaint, briefing a motion to dismiss, briefing and arguing a motion for summary judgment, and researching, briefing, and arguing a motion for spoliation. (Spears Decl. ¶¶ 4-

---

[5] Fross Zelnick Lehrman & Zissu, P.C. has sua sponte deducted a number of hours worked from the total billed.

7

10.) None of these hours reflect fees incurred in the preparation of plaintiff's attorney's fees submission. (Spears Decl. ¶ 13.)

The Court has reviewed the documentation submitted by plaintiff, and finds that all time billed is supported by contemporaneous time records that show the dates worked, the hours expended, and the nature of the tasks completed by each person. In the end, the spoliation turned a straightforward commercial dispute into a far more serious issue requiring plaintiff to sustain significant attorney's fees and expenses. As defendants have not raised any objections to the tasks or hours billed, and as the Court has undertaken an independent review of the record and considered all relevant factors, the time billed by both law firms used by plaintiff is found to be reasonable.

C. Expenses

Spears & Imes incurred $6,576.32 in total expenses to litigate this action.[6] (Spears Decl. ¶ 11.) Fross Zelnick incurred $3,031.36 in total expenses to litigate this action.[7] (Id.) These expenses are broken down into monthly or periodic billings, and cover services including, but not limited to: hearing transcripts, deposition transcripts, subpoena fees, copying, outside printing, online research, delivery services/messengers, local travel, meals, telephone, postage, court fees,

---

[6] The Court has looked carefully at the individual billing submission and calculates that the reported expenses in the monthly or periodic billing records suggest a total of $16,372.79 in expenses by Spears & Imes. (Spears Decl. Ex. 1.) As plaintiff only asks for $6,576.32 (Spears Decl. ¶ 11), the Court's calculation will reflect this lesser amount.

[7] This total amount is supported by the itemized billing submission. (Spears Decl. Ex. 2.)

8

incidentals, and other professionals. (Id.) The Court finds these expenses to be appropriately itemized and entirely reasonable.

III. CONCLUSION

The Court awards The Regulatory Fundamentals Group a total of $366,099.81 in fees and expenses. The Court awards $296,059.13 in fees from Spears & Imes, which is calculated by multiplying each person's reasonable rate by his or her share of the 1,031.65 hours, as outlined above. It further awards $60,433.00 in fees from Fross Zelnick which is calculated by multiplying each person's reasonable rate by his or her share of the 129.2 hours, as outlined above. Finally, it awards $6,576.32 in litigation expenses incurred by Spears & Imes, and $3,031.36 in expenses incurred by Fross Zelnick.

SO ORDERED.

Dated: New York, New York
September 24, 2014

_____
KATHERINE B. FORREST
United States District Judge